By the Court—

It is not doubted, but that if a person devises land to one who is his next heir, and his heirs, the devise is void, and the heir shall take by descent; or if a testator devise that his lands shall descend to his son, the devise is void, and the devisee shall be in by descent— Powell on Devises, 427, 428, and the authorities there cried —1st. Because it was for the benefit of creditorss—2. Because the lord would have been defrauded of the fruits of his seigniory, the consequence of descent. But wherever the devise makes an alteration of the limitation of the estate, from that which takes place in the case of descent, then the principle ceases to operate, and the heir takes by purchase—Pow. Dev. 439.— In the present case, if the lands, &c. had descended to the three daughters, they would have taken as coparceners. Survivorship therefore never could have taken place between them. But the testators, after giving a life estate to his wife in the premises, gives, grants, &c. the use of them to his three daugh *298 ters, named Hannah, Allice and Peggy, and to no other use or uses whatsoever.
It is admitted that the words made use of in this devise, in feudal times, would have created an estate in joint-tenancy—the reason aligned why joint-tenancies were favoured in those times, is, that it prevented a multiplication of tenures. But it is said, that as the feudal tenures wore off, this rule has been gradually departed from—that the intent and not the words should form the rule of decision. It is true, that joint-tenancies are less, and tenancies in common are more favoured than they anciently were, particularly where a father is making provision for his children, and makes use of any words, which a court can properly lay hold of and make instrumental for that purpose—1 P. W. 14—2 Atk. 122—Cowp. 660—2 Ves. 252, 256—3 Atk. 731.—But every one or the cases prove, that an estate created by the same words that are made use of in the present in instance, must be a joint-tenancy. The ground of decision in every one of them was particular words made use of, from which the court collected an intent in the devisor to create a tenancy in common; such as, “equally to be divided, &c. “respectively, &c.” But we know of no case, even in a will or in deeds, which derive their operation from the statute of uses, where the same or similar words are not made use of, that a similar determination has taken place: so that these cases are rather exceptions to the general rule; and as no words are made use of here that can bring the case within any of the exceptions, it must be considered a joint-tenaacy.
*299 Can it be presumed, in the case of Regden vs. Valliers, as reported in 2 Ves. 252, and 3 Atk. 731, above cited, that Ld. Hardwicke would have made the same determination, had the words "equally to be divided between them," not have been made use of in this deed? Or would his no reasoning been applicable to the case, had these words been omitted? Although the reasons that formerly favoured joint-tenancy, do not hold now to strong as formerly, yet the rules to which they gave rise in many respects exist—Pow. Dev. 335—altho' frequently inconveniencies are felt from them. We therefore think that the words made use of in this devise create a join-tenancy, there being no particular circumstance or words in it, from which an intent can be collected that the testator meant to convey a tenancy in common-Pow. Dev. 439—Cro. Eliz. 431—2 Vern. 545—3 Lev. 127, 128—Co. Litt. 189—1 Lev. 112.
Bill dismissed with costs.
Judge Taylor gave no opinion, having been of counsel in the cause.